**TEVITA TUITUIOHU NAUFAHU,**
Petitioner,

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.**

No. 26217.

United States Court of Appeals,
Ninth Circuit.

Feb. 11, 1971.

Salvatore C. J. Fusco, San Francisco, Cal., for appellant.

John N. Mitchell, Atty. Gen., Washington, D. C., Stephen M. Suffin, Atty., I. N. S., James L. Browning, Jr., U. S. Atty., David R. Urdan, Chief Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before CHAMBERS, HAMLEY and HUFSTEDLER, Circuit Judges.

PER CURIAM:

Tevita Tuituiohu Naufahu, a native and citizen of Tonga, seeks review of an order of the Board of Immigration Appeals denying his application for adjustment of status to that of permanent resident under Section 245(a) of the Immigration and Nationality Act, 8 U.S.C. § 1255(a).

Petitioner entered the United States as a nonimmigrant visitor in 1965. Upon expiration of his visa, he was ordered to show cause why he should not be deported. At a deportation hearing in 1967, petitioner conceded deportability but applied for status as a permanent resident. The application was denied because petitioner was ineligible to receive an immigrant visa. Later, after petitioner became eligible for a visa, the proceedings were reopened and this time the petition was denied because a visa was not immediately available to him. Finally, when petitioner met all the preconditions to relief under Section 245(a), the application was again denied for lack of sufficient equities to warrant exercise of administrative discretion under Section 245(a).

Petitioner contends on this review that the discretionary denial of his application was based on insufficient evidence. We have examined the record and conclude that the evidence is sufficient.

Petitioner also contends that the Board acted arbitrarily when it invoked the discretionary portion of Section 245(a) at a late date in the proceedings. However, prior to that time, petitioner had not met certain of the statutory preconditions to a granting of an application under Section 245(a)—eligibility to receive an immigrant visa and availability of such a visa. It follows that a determination of whether administrative discretion should be exercised in petitioner's favor was unnecessary at the early stages of the proceedings. Neither the Board nor the Special Inquiry Officer abused their discretion in reserving that determination until it was necessary in order to dispose of the application.

Affirmed.